# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JUANITA RAYBURN**                                            **CIVIL ACTION**

**VERSUS**                                                              **NO. 22-484-JWD-RLB**

**REGIONS FINANCIAL CORP**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 3, 2022.

                                                                  _____
                                                                  **RICHARD L. BOURGEOIS, JR.**
                                                                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUANITA RAYBURN                                             CIVIL ACTION

VERSUS                                                              NO. 22-484-JWD-RLB

REGIONS FINANCIAL CORP

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 10).

**I.      Background**

On or about January 20, 2022, Juanita Rayburn ("Plaintiff") filed a Petition for Damages in the 19th Judicial District Court, East Baton Rouge Paris, Louisiana, naming as the defendant Regions Financial Corp. doing business as Regions Bank ("Defendant"). (R. Doc. 1-2 at 1-2). The Petition provides that on or about July 30, 2021, Plaintiff, upon completion of a financial transaction with the bank teller at a Regions Bank location, stumbled and fell over a wrinkled carpet runner. (R. Doc. 1-2 at 1). Plaintiff alleges that she "sustained severe and disabling injuries" as a result of the fall, "including but not limited to, injury to the bones, muscles, tendons, ligaments and soft tissue of her back and neck, knee and her body as a whole." (R. Doc. 1-2 at 2). Plaintiff alleges that as a result of these injuries she has suffered pain, disability, medical expenses, and loss of quality and enjoyment of life. (R. Doc. 1-2 at 2). Plaintiff demanded damages "in an amount reasonable for the injuries sustained" in addition to legal interest and costs. (R. Doc. 1-2 at 2).

Defendant was served the Petition on February 3, 2022. (R. Doc. 1 at 1).

On July 18, 2022, Defendant removed this action, asserting the Court can exercise diversity jurisdiction under 28 U.S.C § 1332 and that the removal is timely under 28 U.S.C. §

1

1446(b). (R. Doc. 1). Defendant asserts that there is complete diversity because Plaintiff is a citizen of Louisiana and Defendant is a citizen of Alabama. (R. Doc. 1 at 3). Defendant further asserts that the amount in controversy requirement is satisfied by the allegations in the Petition, Plaintiff's treatment and surgical intervention, and Plaintiff's settlement demand of $1.75 million. (R. Doc. 1 at 5). Defendant asserts that removal is timely because the initial pleadings did not contain a general amount in controversy that the sum or value allegedly exceeded $75,000 and did not contain facts that would allow Defendant to determine by a preponderance of the evidence that the sum or value of the case exceeded $75,000. (R. Doc. 1 at 5). Defendant further asserts that it has not yet received an "other paper" sufficient to trigger the thirty-day removal period. (R. Doc. 1 at 5).

On August 12, 2022, Plaintiff filed the instant Motion to Remand, arguing that removal was untimely, and that remand is proper considering the alleged procedural defect in removal. (R. Doc. 4).

## II.   Arguments of the Parties

In seeking remand, Plaintiff does not dispute that the Court can properly exercise diversity jurisdiction over this action. Plaintiff only challenges that the removal was not timely. Plaintiff asserts Defendant was clearly aware of the basis for removal when it was served with the initial pleading, and, accordingly, had sufficient knowledge of the claim requiring removal within thirty days of such service. (R. Doc. 4-1 at 2-3).

In support of this position, Plaintiff argues that Defendant was placed on notice that the amount in controversy would exceed the jurisdictional amount of $75,000 by virtue of receiving the medical information and settlement demand of $1.75 million on December 1, 2021. (R. Doc. 4-1 at 3). In summary, prior to filing her Petition, Plaintiff sent a settlement demand describing

2

her injuries to AIG, Defendant's insurance carrier. (R. Doc. 4-2). This document contained information regarding specific injuries suffered by Plaintiff and the associated medical procedures, which included exacerbation to a pre-existing back issue, cervical stenosis with disc herniation, and myelomalacia requiring fusion surgery. (R. Doc. 4-2 at 2).

Plaintiff argues that based on this information, Defendant was required to remove the action on February 19, 2022, *i.e.*, within 30-days of the filing of the lawsuit on January 20, 2022. (R. Doc. 4-1 at 3).

In opposition, Defendant asserts that the Fifth Circuit has provided a bright line rule that the thirty-day removal period under 28 U.S.C. § 1446(b)(1) is triggered only where the initial pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." (R. Doc. 10 at 5). Defendant argues that the Petition merely alleged that Plaintiff was injured and required medical treatment, but did not provide particular facts about the extent of the injuries or the expense of related treatment to establish that the amount in controversy was facially apparent and, accordingly, trigger the thirty-day removal period under 28 U.S.C. § 1446(b)(1). (R. Doc. 10 at 4-6). Defendant also notes that the Fifth Circuit has held that for the thirty-day period to be triggered under 28 U.S.C. § 1446(b)(3), the alleged "other paper" must be received after the filing of the initial pleading. (R. Doc. 10 at 7) (citing *Chapman v. Powermatic Inc.*, 969 F.2d 160 (5th Cir. 1992)). Defendant contends that because the medical information and settlement demand were received before Plaintiff filed her Petition, that document is not an "other paper" that could trigger the removal period. (R. Doc. 10 at 6-9).

3

**III.    Law and Analysis**

There is no dispute that this Court can properly exercise diversity jurisdiction over this action under 28 U.S.C. § 1332.[1] The sole dispute is whether removal was procedurally defective because it was untimely removed under 28 U.S.C. § 1446. Plaintiff timely raised this procedural defect within 30 days after the filing of the notice of removal. *See* 28 U.S.C. § 1447(c).

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

---

[1] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). There is no dispute that the parties are diverse. With respect to the amount in controversy requirement, Defendant "may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). While not found in the Petition, there is evidence that Plaintiff claims extensive injuries including but not limited to cervical spondylosis, disc herniation, disc narrowing, and foraminal stenosis. (R. Doc 4-2 at 2). Plaintiff further asserts that she underwent fusion surgery, allegedly resulting in the loss of the ability to turn her neck and the ability to drive. (R. Doc 4-2 at 2). It is well established in Louisiana law that damage awards for a herniated disk. without surgical intervention may exceed $75,000. *See Thibodeaux v. GEICO Advantage Ins. Co.,* No. 16-158, 2016 WL 4055660, at *5 (M.D. La. July 8, 2016) ("Defendants correctly point out that it is well established in Louisiana law that damage awards for a herniated disc without surgical intervention may exceed $75,000.00") (citing cases). In the instant case, the plaintiff's alleged injuries were not limited to a herniated disc and allegedly required surgical intervention. Furthermore, prior to filing suit Plaintiff made a settlement demand amounting to $1.75 million. (R. Doc. 4-2 at 3). While a settlement offer may not be determinative in itself, it may be considered as "valuable evidence" in determining the amount in controversy. *See Carver v. Wal-Mart Stores, Inc.*, No. 08-42, 2008 WL 2050987, at *2 (M.D. La. May 13, 2008). Here, the court gives some weight to Plaintiff's pre-suit settlement demand, and in consideration with the alleged injuries finds that the amount in controversy requirement is satisfied.

4

28 U.S.C. § 1446(b). In the context of determining whether the 30-day period for removal is triggered under Section 1446(b)(1) where the plaintiff does not allege the amount in controversy, the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). The Court in *Mumfrey* noted that if a plaintiff wishes the 30-day time period to run from the defendant's receipt of the initial pleading, he shall "place in the initial pleading *a specific allegation that damages are in excess of the federal jurisdictional amount.*" *Id.* (citing *Chapman*) (emphasis added by *Mumfrey*). Such a statement would provide notice to defendants that the removal clock had been triggered but would not run afoul of state laws that prohibit pleading unliquidated damage amounts.

With regard to triggering the 30-day time period from a defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), the Fifth Circuit has stated that the 30-day period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading, as provided in Section 1446(b)(1).

Here, the Petition does not affirmatively reveal on its face that Plaintiff is seeking damages in excess of $75,000. There is no allegation that the damages are in excess of the federal jurisdiction amount.[2] Even assuming that the jurisdictional amount was "facially apparent" based upon the scope of the damages sought in the Petition, that would have been insufficient to trigger the 30-day deadline for removal under Section 1446(b)(1). The Fifth Circuit has clarified that the analysis regarding whether a pleading "affirmatively reveals on its face" that the 30-day removal period is triggered is not the same as whether it is "facially apparent" that removal may be appropriate. *See Mumphrey*, 719 F.3d at 400 (distinguishing "amount dispute" cases from "timeliness" cases). Accordingly, the 30-day deadline to remove the action was not triggered by the service of the initial Petition,[3] which did not affirmatively reveal on its face that the jurisdictional amount was satisfied.[4]

Furthermore, the December 1, 2021 pre-suit settlement demand did not trigger the removal period. The time periods provided in Section 1446 concern the removal of a civil action, which did not exist until the filing of this case on or about January 20, 2022. A document provided prior to the filing of the actual lawsuit is not an "other paper" for the purposes of Section 1446(b)(3). *Elkins v. Bradshaw*, No. 18-1035, 2019 WL 2096126, at *3 (M.D. La. Apr. 24, 2019), *report and recommendation adopted*, 2019 WL 2092564 (M.D. La. May 13, 2019). To hold otherwise would contradict the plain language of Section 1446.

---

[2] In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). Plaintiffs are required, however, to make a general allegation where there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

[3] In seeking remand, Plaintiff suggests that the filing of the Petition (without receipt by the defendant through service or otherwise) is sufficient to trigger the 30-day removal period. On the contrary, the timing period is not triggered until the "receipt" of the Petition by the defendant. *See* 28 U.S.C. § 1446(b).

[4] In opposing the Motion to Remand, Defendant argues that the amount in controversy is not facially apparent. (R. Doc. 10 at 4-6). To be clear, even if the amount in controversy was facially apparent (for the purposes of determining diversity jurisdiction), that would not have triggered the 30-day removal period under Section 1446(b)(1) because the Petition did "affirmatively reveal on its face" that the amount in controversy requirement was satisfied. *See Mumphrey*, 719 F.3d at 400.

6

Having concluded that the 30-day removal period under Section 1446(b)(1) was not triggered by receipt of the initial Petition, and that the pre-suit correspondence is irrelevant for the purposes of Section 1446, the Court finds that Defendant's removal was timely.

## IV.     Conclusion

Based on the foregoing,

**IT IS RECOMMENED** that Plaintiff's Motion to Remand (R. Doc. 4) be **DENIED**.

Signed in Baton Rouge, Louisiana, on October 3, 2022.

     **RICHARD L. BOURGEOIS, JR.**
     **UNITED STATES MAGISTRATE JUDGE**