UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUANITA RAYBURN                                            CIVIL ACTION

VERSUS                                                              NO. 22-484-JWD-RLB

REGIONS FINANCIAL CORP

### ORDER

Before the Court is Defendant's Motion to Compel Responses to Discovery. (R. Doc. 16). The motion is opposed. (R. Doc. 19).

On or about January 20, 2022, Juanita Rayburn ("Plaintiff") filed this personal injury action in state court naming as the defendant Regions Financial Corp. doing business as Regions Bank ("Defendant"). (R. Doc. 1-2 at 1-2). Defendant removed the action on July 18, 2022. (R. Doc. 1). Plaintiff filed a Motion to Remand. (R. Doc. 4). The district judge denied the Motion to Remand on October 18, 2022. (R. Doc. 15; *see* R. Doc. 14).

On October 14, 2022, Defendant served the written discovery requests at issue, which included interrogatories, requests for production of documents, and authorizations to obtain protected health information, tax records, and employment records. (R. Doc. 16-3). The parties agreed to hold a discovery conference on December 7, 2022 to discuss outstanding discovery responses (including Defendant's outstanding discovery responses to Plaintiff's discovery requests). (R. Docs. 19-4, 19-5). At the conference, the parties agreed to exchange responses on or before December 21, 2022, but defense counsel subsequently asked for an extension of that deadline. (R. Doc. 19-6). Plaintiff's counsel offered, and defense counsel agreed, to extend the deadline to January 5, 2023. (R. Doc. 19-7).

On the morning of January 5, 2023, Plaintiff's counsel reminded defense counsel that discovery responses were due that day. (R. Doc. 16-7 at 4). Defendant provided timely responses later that day. (R. Doc. 19-8). Plaintiff, however, did not provide any responses.

On January 6, 2023, defense counsel called Plaintiff's counsel and left a message regarding the outstanding discovery responses. (R. Doc. 16-7 at 2-3).

On January 9, 2023, Plaintiff's counsel informed defense counsel that he "had trouble last week with the document after [he] completed the responses," that he was waiting on his paralegal who had been out since January 5 to fix these issues, and that he could send the responses "as are" if desired. (R. Doc. 16-7 at 2). Defense counsel responded later that day with the following message: "Please send me the answers ASAP. As for the documents, I cannot leave them outstanding indefinitely. Please send them to me by COB Wednesday [January 11], or I will be forced to file a Motion to Compel." (R. Doc. 19-9).

On January 10, 2023, Plaintiff's counsel provided copies of the signed releases and indicated that he would provide the written responses to discovery later that day. (R. Doc. 19-10). Plaintiff did not, however, provide the written responses.

On January 12, 2023, Defendant filed the instant Motion to Compel Responses to Discovery. (R. Doc. 16). Defendant seeks an order requiring Plaintiff to provide "complete responses" to the interrogatories and requests for production off documents, finding that Plaintiff has waived all objections to interrogatories pursuant to Rule 33(b)(4), and awarding reasonable expenses, including attorney's fees, pursuant to Rule 37(a)(5)(A).

On January 13, 2023, in the early morning, Plaintiff provided the outstanding written discovery responses. (R. Doc. 19-11).

Plaintiff now opposes the instant Motion to Compel on the grounds that her counsel is "a solo practitioner" who "had technology and computer issues" with respect to the providing the discovery responses. (R. Doc. 19 at 13). Given that the discovery responses were provided the day after the Motion to Compel was filed, Plaintiff seeks an order denying the motion and award for reasonable costs and attorney's fees under Rule 37(a)(5).

Having considered the record, the Court will grant the instant Motion to Compel to the extent it seeks an order requiring Plaintiff to provide written discovery responses after the filing of the motion. The record indicates that Defendant acted in good faith to obtain the discovery responses by the deadlines agreed upon by the parties. (*See* R. Doc. 16 at 3). That said, the record also supports a finding that Plaintiff had substantively answered the discovery requests by the deadlines agreed upon by the parties, but technical issues delayed the transmission of those answers in the correct format. Plaintiff ultimately provided the discovery responses the morning after Defendant filed the instant Motion to Compel. To the extent there are any deficiencies with respect to Plaintiff's discovery responses, the parties must meet-and-confer prior to the filing of any subsequent discovery motion pertaining to those responses.

Defendant also requests that the Court conclude that Plaintiff has waived any objections to Defendant's interrogatories pursuant to Rule 33(b)(4). Given the record, the Court finds good cause to excuse any untimely objections to the interrogatories asserted by Plaintiff in her responses. It also appears that the issue of objections to interrogatories is largely moot because Plaintiff appears to have only objected to Interrogatory No. 16, and provided an answer notwithstanding that objection. (*See* R. Doc. 19-11 at 2-13).

Having denied Defendant's request for a finding that objections to Defendant's interrogatories were waived pursuant to Rule 33(b)(4), the Court will require the parties to bear their own costs with respect to the instant Motion to Compel pursuant to Rule 37(a)(5)(C). To the extent applicable given that Plaintiff provided the requested discovery only after the filing of the instant Motion to Compel, the Court alternatively finds that, given the circumstances, an award of expenses based on the instant motion would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel Responses to Discovery (R. Doc. 16) is **GRANTED IN PART and DENIED IN PART**. No further action by Plaintiff is required at this time. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on February 6, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**